**Sylvester PEARL, Petitioner–Appellant,**

v.

**John CASON, Respondent–Appellee.**

**No. 02–2087.**

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2004.

Sylvester Pearl, #259863, pro se, Detroit, MI, for Petitioner–Appellant.

Jerrold E. Schrotenboer, Jackson, MI, for Respondent–Appellee.

Before: SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

*ORDER*

Sylvester Pearl, a pro se Michigan prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

In 1997, a jury convicted Pearl of second-degree murder and felony firearm. The trial court sentenced Pearl to forty to eighty years of imprisonment on the murder conviction and a consecutive two years of imprisonment on the firearm conviction. The Michigan Court of Appeals affirmed Pearl's convictions on direct appeal, and the Michigan Supreme Court denied his application for leave to appeal on August 22, 2000.

In 2001, Pearl filed his federal habeas corpus petition, asserting, inter alia, that his right to a fair trial was violated because he was required to appear before the jury in leg shackles even though he did not have a history of escape or violence. The district court concluded that all of Pearl's claims were without merit and dismissed the petition. *Pearl v. Cason,* 219 F.Supp.2d 820, 833 (E.D.Mich.2002). This court granted a certificate of appealability as to whether Pearl was improperly required to appear in leg shackles during his trial.

On appeal, Pearl reasserts his due process claim and argues that he suffered prejudice because the jury saw the shackles. Moreover, the shackles allegedly impeded his mental faculties, interfered with communication with his lawyer, detracted from the dignity of the proceedings, and caused him pain.

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed the petition because the Michigan Court of Appeals's decision was neither contrary to federal law, nor an unreasonable application of federal law, as determined by the Supreme Court, and was not an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'Connor, J.). The court correctly observed that Pearl should not have been shackled during trial. *See Estelle v. Williams,* 425 U.S. 501, 503–04, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *see also Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). No essential state interest specific to Pearl's trial existed as Pearl did not have a history of escape or violence, and other means existed for securing the courtroom such as locking exits and directing the bailiff not to attend to other matters. *See Holbrook v. Flynn,* 475 U.S. 560, 568, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986); *Kennedy v. Cardwell,* 487 F.2d 101, 110–11 (6th Cir.1973). However, Pearl failed to show prejudice. *See Ghent v. Woodford,* 279 F.3d 1121, 1132 (9th Cir.2002). The trial court had Pearl take the stand while the jury was out of the room, and Pearl presented no evidence that the jury saw the shackles at any point. Furthermore, Pearl presented no evidence to support his conclusory allegations that the shackles impeded his mental faculties, interfered with communication with his lawyer, detracted from the dignity of the proceedings, and caused him pain. *See Allen,* 397 U.S. at 344; *Kennedy,* 487 F.2d at 106. As there is no evidence that the jury saw the shackles and as the evidence against Pearl is overwhelming, we conclude that the trial court's decision to keep Pearl shackled had no substantial and injurious effect or influence in determining the jury's verdict and thus was harmless error. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.